UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DUNCAN LORANDO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-10 |
| | ) | |
| STANLEY WALDREN, Warden, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

Petitioner Duncan Lorando, currently on parole, filed this pro se petition for habeas corpus relief while he was confined in the District of Columbia's Central Detention Facility ("CDF"). The United States Parole Commission ("USPC") and the CDF Warden have each responded to an Order to Show Cause. For the reasons explained here, the petition for relief will be denied.

I.  BACKGROUND

Sentenced in 1986 to a term of 30 years and 60 days for an offense committed in 1985, the petitioner has been paroled more than once, and his parole has been revoked more than once. *See* U.S. Parole Commission's Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Opp'n") at 1-3 & Exhibit ("Ex.") A. The most recent revocation was triggered when the petitioner was arrested on May 14, 2007, pursuant to a parole violation warrant for allegedly possessing cocaine with intent to distribute. *Id.* at 2. The United States Marshal Service tried to promptly notify the USPC of the petitioner's arrest, but through some undiscovered error the attempted communication failed and the USPC did not receive effective notice of the petitioner's

arrest until August 29, 2007. *Id.* A probable cause hearing was held two days later, *id.*, and the petitioner's parole was revoked on October 31, 2007, *id.* at 3. In making the revocation decision, the USPC found that the petitioner had committed the offense of possession of crack cocaine, not the alleged distribution offense, *id.* at 2-3, and ultimately based the petitioner's salient factor score on five, not six, prior convictions, *id.* at 5-6. On the petitioner's administrative appeal, the record was corrected to reflect that the USPC had, in fact, based its revocation on a finding that the petitioner had possessed crack cocaine. *Id.* at 4. The petitioner's administrative appeal claim with respect to the delayed probable cause hearing was denied because he showed no prejudice resulting from the delay. *Id.* The petitioner was released on parole on July 11, 2008, and his sentence expiration date is September 2, 2025. *Id.*

The petitioner challenges the loss of good time credits he earned while in custody prior to his most recent revocation, and in turn, the calculation of the date on which his sentence expires. *See* Petition for Writ of Habeas Corpus by a Person in Custody in the District of Columbia ("Pet.") at 5. In addition, he contends that his rights were violated when he was not afforded a probable cause hearing within five days after he was taken into custody on May 14, 2007. *Id.* at 6. He also maintains that the most recent parole revocation decision was based on information that should not have been considered because it had been expunged from his record. *Id.* at 5.

## II. DISCUSSION

A petition for a writ of habeas corpus allows a petitioner to challenge restrictions on his freedom that are in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (2006). In such a proceeding, the government bears the initial burden of

showing that its restrictions on the petitioner's liberty are lawful.  *See Boumediene v. Bush,* __ U.S. __ , __ ,128 S. Ct. 2229, 2270 (2006); *Hamdi v. Rumsfeld,* 542 U.S. 507, 533-34 (2004).

Good time credits operate to allow a prisoner to become eligible for release earlier than otherwise authorized by the sentence he received, to advance an inmate's eligibility date for release on parole and to decrease an inmate's mandatory release date.  *See* D.C. Code § 24-201.29 (repealed Aug. 20, 1994) (although repealed, this statute governs this case because it was in effect on the date of the petitioner's 1985 offense and 1986 sentence); *see also* 28 C.F.R. § 2.35(b) (2008).  Once a prisoner is released to parole, however, the usefulness of his earned good time credits is exhausted.  28 C.F.R. § 2.35(b).  Thus, if after release, the release is revoked, the acquisition of good time credit to advance a release date begins anew.  *See* D.C. Code § 24-406 (2001).  In other words, good time credits do not survive a prisoner's release.  *See also Jones v. Clemmer*, 163 F.2d 852, 854 (D.C. Cir. 1947) (determining that good time credits are forfeited by violating parole); *Bates v. Rivers,* 323 F.2d 311, 312 (D.C. Cir. 1963) (same).  Moreover, good time credits do not operate to shorten the term of the sentence originally imposed by the sentencing court.  *Bates,* 323 F.2d at 311-12.  In addition, it is well-settled that if parole is revoked, the time a parolee was under parole supervision does not count toward completion of sentence of imprisonment imposed.  *See* D.C. Code § 24-406(a); *see also Davis v. Moore*, 772 A.2d 204, 209 (D.C. 2001) (forfeiture of street time credit for District of Columbia offenders does not violate the ex post facto or due process clauses of the Constitution).  In this case, the USPC has shown that it has acted in accordance with the law in its treatment of petitioner's good time credits and time spent under supervision on parole, and that it has correctly calculated the

petitioner's sentence expiration date.  Therefore, the petition for relief on that basis will be denied.

Turning to the petitioner's next argument, it is undisputed that the USPC did not receive timely notice of the petitioner's arrest on May 14, 2007, and did not hold a probable cause until August 31, 2007, when the petitioner was heard and probable cause was found.  Opp'n at 2.  The petitioner has not identified any prejudice he sustained as a result of the delayed hearing and has not identified what relief he is seeking due to this delay.  To the extent that he seeks release from custody, his request has been mooted by his reparole, and to the extent he seeks some other relief, because the relief is unspecified and there is no prejudice apparent on this record, the petition for relief on this basis will also be denied.

Finally, the petitioner asserts that in reaching its October 31, 2007 revocation decision, the USPC wrongfully considered information that had been expunged from the petitioner's record.  Pet. at 5.  However, the petitioner does not indicate what information was allegedly considered in error.  The USPC has conjectured that petitioner is referring to the number of prior convictions used to calculate the petitioner's salient factor score.  On this matter, the USPC concluded that the petitioner had five, not six, prior convictions.  Opp'n at 5-6.  However, even if the petitioner had only four prior convictions, the salient factor score would have been identical because four or more prior convictions are accorded the same weight.  *See* Opp'n, Ex. D at 3.  On this record and in the absence of greater specificity from the petitioner, the USPC has demonstrated that the information it considered was properly considered, the petitioner had an adequate opportunity to challenge the information, and the petitioner was not prejudiced by the information's consideration.  In any even, as already noted, to the extent that the petitioner seeks

release, his request has been mooted by his reparole, and to the extent he seeks some other form of relief, he has not identified it for the Court. Therefore, the petition for relief will be denied with respect to this claim as well.

### III. CONCLUSION

The record before the Court shows that the USPC did not err in its application of the petitioner's earned good time credits or the calculation of the expiration of the petitioner's sentence. The record also fails to show that the petitioner suffered any prejudice resulting from the USPC's failure to conduct a timely probable cause hearing or from its conclusion, for purposes of calculating his salient factor score, that the petitioner had five prior convictions. Therefore, the petition for relief based on this final argument will also be denied.

A separate order accompanies this memorandum opinion.

                                                  /s/
                        REGGIE B. WALTON
Date: June 29, 2009                 United States District Judge